```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KARYN CARMICHAEL
(f/k/a KARYN RENEE HARPER)

                        Plaintiff,             12-CV-6547T

            v.                                 DECISION
                                               and ORDER
MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____
```

INTRODUCTION

Plaintiff Karyn Carmichael, ("Carmichael") represented by attorney Gregory Phillips of the law firm of Segar and Sciortino, brings this action pursuant to Titles II and XVI of the Social Security Act, (the "Act") claiming that the Commissioner of Social Security (the "Commissioner") improperly denied her application for Social Security Benefits.  The Commissioner denies plaintiff's allegations, and moves to dismiss plaintiff's Complaint on grounds that the Complaint was not timely filed with this court.[1]  For the reasons set forth below, I grant defendant's motion.

---

[1] Although the Commissioner does not identify the basis for the relief requested in its Notice of Motion, a motion to dismiss on grounds that the Complaint is untimely is properly considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  See Rodriguez ex rel J.T.T. v Astrue, 2011 WL 7121291 at *2 (S.D.N.Y., July 25, 2011)(holding that a motion to dismiss for failure to comply with the statute of limitations is most appropriately considered under Rule 12(b)(6) of the Federal Rules, as opposed to 12(b)(1), because a defense based on non-compliance with the limitations period does not raise a jurisdictional issue, but instead presents an affirmative defense).

BACKGROUND

Plaintiff Karyn Carmichael applied for Social Security Disability benefits and Supplemental Security Income benefits on May 8, 2007. At the time plaintiff applied for benefits, she was represented by counsel employed by the County of Monroe, New York. Plaintiff claimed that she suffered from a disability resulting from depression, psychotic episodes, and insomnia.

Plaintiff's application for benefits was denied by Administrative Law Judge James Dombeck on June 24, 2009. On August 10, 2009, plaintiff requested an extension of time to file an appeal with the Appeals Council of the Social Security Administration. Two days later, on August 12, 2009, plaintiff retained her current attorney, Gregory Philips. Although the Appeals Council granted plaintiff's request for an extension of time to file an appeal, plaintiff sought, and was granted, a second extension of time to file an appeal. Plaintiff filed her appeal, and by Decision and Order of the Appeals Council dated January 5, 2010, plaintiff's request for a review of Judge Dombeck's Decision was denied.

Upon the denial of plaintiff's request for review, the Appeals Council informed plaintiff that she had 60 days to file a civil action challenging the Commissioner's final decision. Plaintiff, however, did not file a civil action within the 60 day limit for initiating such an action, and instead, on March 14, 2010, 63 days

2

after the Commissioner issued his final decision, requested that the Appeals Counsel reopen her case. For reasons not explained in the record, plaintiff's request to reopen was not acted upon for more than two years. On August 31, 2012, plaintiff's request to reopen was finally denied, and plaintiff was granted a 30 day extension of time to file her federal Complaint.

On October 10, 2012, ten days after her time for filing a Complaint in this court expired, plaintiff filed the instant Complaint. Although plaintiff alleges that she requested an extension of time from the Appeals Counsel to file the instant Complaint, there is no record in the Commissioner's files indicating that plaintiff made such a request, and there is no proof that plaintiff filed or served such a request on the Appeals Counsel. It is further undisputed that plaintiff did not receive an extension of time from the Appeals Counsel to file her federal Complaint.

Upon the filing of plaintiff's Complaint, the Commissioner moved to dismiss the Complaint on grounds that it was untimely. Defendant's motion was filed and served on February 7, 2013, and by Notice dated February 8, 2013 the Court scheduled the motion to be submitted, without argument, on March 6, 2013. Pursuant to Rule 7(b)(2)(B) of the Local Rules of the Western District of New York, plaintiff's opposition papers were due on February 22, 2013.[2]

---

[2] Local Rule 7(b)(2)(B) provides that where, as in this case, the court has not issued a briefing schedule for a motion, opposition papers to the motion are due fourteen days after service of the motion.

Plaintiff, however, failed to file any opposition, and instead, one day *after* the motion was submitted to the Court (and thirteen days after the deadline for filing an opposition passed), counsel for the plaintiff filed an affidavit explaining that he had problems logging into the Court's Electronic Filing System, and therefore was unable to file a timely opposition. In seeking leave to file his opposition late, counsel indicated that he believed his opposition papers were due on March 6, 2013. In fact, as stated above, any opposition was due on February 22, 2013, and the motion itself was submitted to the Court on March 6, 2013.

## DISCUSSION

The Commissioner moves to dismiss plaintiff's Complaint on grounds that the plaintiff failed to file the Complaint within the 60 day time limit (as extended for 30 days in this case by the Appeals Council) for filing such cases. It is well established that the Government cannot be sued without its consent. <u>Francois v. Astrue</u>, 2012 WL 697170 at *3 (S.D.N.Y., March 05, 2012). With respect to an appeal from the final decision of the Commissioner of Social Security, the Government has consented to be sued only as set forth in the Social Security Act, codified at 42 U.S.C. § 405(g). Specifically, the Social Security Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or

4

>     within such further time as the Commissioner
>     of Social Security may allow.

42 U.S.C. § 405(g).

In the instant case, the Commissioner issued a final denial of plaintiff's claim on January 5, 2010, and on August 31, 2012, granted plaintiff a thirty day extension of time to file her federal action. Pursuant to Social Security regulations, receipt of a notice of a final determination is presumed to occur five days after the date of the notice. 20 C.F.R. §§ 404.901 and 422.210(c). Accordingly, it is presumed that plaintiff received notice of the extension of time to file her federal Complaint on September 5, 2012. As a result, plaintiff had until October 5, 2012 to file her Complaint.

The record reveals, however, that plaintiff did not file her Complaint until October 10, 2012, five days after the limitations period expired. Although there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds, the courts have strictly construed the deadlines for filing actions against the Commissioner of Social Security. See Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988)(stating that only in instances where the Government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way have courts tolled the 60 day limitation); Matsibekker v. Heckler, 738 F.2d 79 (indicating that district court lacks authority to extend the 60 day limitation

period). See also Bowen v. City of New York, 476 U.S. 467, 479 (1986)(strictly construing 60 day limitation). Because the plaintiff failed to file her complaint within the 60 day time period, as extended for 30 days by the Commissioner, her claim must be dismissed. See 42 U.S.C. § 405(g).

Moreover, plaintiff has failed to make any case for equitable tolling of the limitations period. Plaintiff has failed to explain why the Complaint was not filed within the thirty day limitations period, and it is not without some irony that the court notes that plaintiff's opposition to the instant motion was, itself, untimely. Unfortunately for the court, counsel, and counsel's clients, this is not the first case in which plaintiff's counsel has filed or attempted to file untimely papers, or has failed to file opposition papers at all.[3] Counsel is cautioned however, that failure to comply with court's deadlines for filing papers could result in sanctions. Because plaintiff has failed to demonstrate that equitable tolling is appropriate, I grant defendant's motion to dismiss, and dismiss plaintiff's complaint with prejudice.

---

[3] See Olyer v. Apfel, 98-CV-6336 (Larimer, J.)(counsel failed to file opposition to Commissioner's motion, and failed to respond to Court's inquiries as to why no opposition papers were filed); Whitmore v. Barnhart, 05-CV-6343 (Larimer, J.)(failing to timely file opposition papers to defendant's motion, and filing motion for judgment on the pleadings nine months after deadline for filing motions);Arena v. Astrue, 07-CV-6218 (Telesca, J.)(counsel failed to oppose defendant's motion for Judgment on the Pleadings) Gordon v. Barnhart, 06-CV-6101 (Telesca, J.)(same); Scheg v. Barnhart, 05-CV-6533 (Telesca, J.)(same); Cooper v. Barnhart, 03-CV-6468 (Telesca, J.)(same); Cora Vega v. Astrue, 08-CV-6483 (Telesca, J.)(same).

6

CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

                                 S/ Michael A. Telesca

                                 _____
                                     MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
           March 12, 2013